UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-15(1) (DWF) |
| Plaintiff, | |
| v. | **ORDER** |
| Cody Lowell Troy, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Cody Lowell Troy's ("Defendant") *pro se* motion under 28 U.S.C. § 2255 to vacate, correct or set aside sentence, (Doc. No. 100), and a self-styled motion to appoint an attorney (Doc. No. 99). The Government opposes the motions. For the reasons set forth below, the Court respectfully denies both motions.

## BACKGROUND

On December 10, 2012, Defendant and an accomplice robbed the First State Bank of Bigfork in Kelliher, Minnesota. As detailed in the Presentence Investigation Report ("PSR"), Defendant entered the bank with a 12-guage short-barreled shotgun, pointed the gun at the teller, racked the gun, obtained $3,738 in cash that was placed in a backpack, and fled. (PSR ¶ 7.)

On May 14, 2013, Defendant pleaded guilty to Count 2 of the Indictment—Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C.

§§ 924(c)(1)(A)(ii) and 924 (c)(1)(B)(i).  (Doc. Nos. 63, 64.)  The violation was predicated on Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d). (Doc. No. 10 ("Indictment").)  On June 3, 2014, the Court sentenced Defendant to 120 months' imprisonment, followed by five years of supervised release.  (Doc. No. 94.) Defendant did not directly appeal.

Defendant's present motion is based on the recent rule from *United States v. Davis*, 139 S. Ct. 2391 (2019) that 18 U.S.C. § 924(c) is unconstitutionally vague.

## DISCUSSION

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence."  In making such a motion, a § 2255 action requires a prisoner to show that he or she is entitled to such extraordinary relief because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

28 U.S.C. § 2255(a).  If the court finds such a defect in sentencing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).  A § 2255 request for relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Section 924(c) authorizes heightened criminal penalties for using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute defines the term "crime of violence" as a federal felony offense that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements clause"), *see* § 924(c)(3)(A), or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the court of committing the offense," (the "risk-of-force clause" or "residual clause"), § 924(c)(3)(B). In *Davis*, the Supreme Court held that the risk-of-force provision is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. Thus, as the government concedes, "§ 924(c) convictions predicated on the risk-of-force clause generally cannot stand." (Doc. No. 102 at 4.)[1]

The government argues that Defendant is not entitled to lodge a *Davis* challenge because he cannot show that his conviction "relies on" the invalidated risk-of-force clause where his § 924(c) conviction is predicated on Armed Bank Robbery. The government submits that case law is clear that Armed Bank Robbery is a force clause, not a risk-of-force clause, and that Defendant's motion should be denied both as untimely and on substantive grounds. The Court agrees.

---

[1] Importantly, in *Davis*, the Supreme Court extended the rule articulated in *Johnson v. United States*, 135 S. Ct. 2551 (2015) that the residual clause of the Armed Career Criminal Act ("ACCA"), which defined a "violent felony" to include offenses that presented a "serious potential risk of physical injury to another," was unconstitutionally vague.

First, Bank Robbery is completed where a defendant:

> by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association.

18 U.S.C. § 2113(a). Armed Bank Robbery is completed where a defendant:

> In committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device.

18 U.S.C. § 2113(d).

In the Eighth Circuit, Bank Robbery in violation of 18 U.S.C. § 2113(a) is a "crime of violence" under § 924(c)(3)(A). *See Allen v. United States*, 836 F.3d 894 (8th Cir. 2016) (denying a second or successive § 2255 motion based on the *Johnson* case; holding that bank robbery is a "crime of violence") (citing *United States v. McNeal*, 818 F.3d 141, 152-53 (4th Cir. 2016) (holding that "armed bank robbery is unquestionably a crime of violence").) Here, Defendant admitted to brandishing a firearm in furtherance of an Armed Bank Robbery. Armed Bank Robbery is a force clause predicate offense. Therefore, the *Davis* decision is not relevant to Defendant's conviction, as it does not implicate the risk-of-force clause that was at issue in *Davis*.

Second, the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on motions for collateral relief under section 2255. 28 U.S.C. § 2255(f). The one-year period runs from "the latest of:"

(1)     the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Defendant's conviction became final on June 3, 2014, and therefore his motion is untimely under § 2255(f)(1). In addition, Defendant does not invoke § 2255(f)(2) or (f)(4). Therefore, it appears that Defendant relies on § 2255(f)(3), and in doing so he simply cites to *Davis*. However, as explained above, Defendant's conviction and sentence rely on Armed Bank Robbery, which is a force clause offense, and do not rest on the residual clause of § 924(c). Therefore, *Davis* does not trigger § 2255(f) and Defendant's motion is untimely.

**Evidentiary Hearing**

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Defendant's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). The Court concludes that no evidentiary hearing is required in this case.

**Certificate of Appealability**

Finally, an appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). The Court has considered whether the issuance of a COA is appropriate. In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).[2]

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire procedural history and record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

---

[2] Because the Court denies Defendant's motion and dismisses this case, Defendant's motion to appoint an attorney is denied as moot.

6

1. Defendant Cody Lowell Troy's *pro se* motion under 28 U.S.C. § 2255 to vacate, correct or set aside sentence (Doc. No. [100]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Defendant.

4. This matter is **DISMISSED**.

5. Defendant's Motion to Appoint Counsel (Doc. No. [99]) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  October 22, 2020                     s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge